Lynn R. Nakamoto, OSB#88087
lynnn@mhgmlaw.com
William N. Mehlhaf, OSB#75255
bill@mhgmlaw.com
MARKOWITZ, HERBOLD, GLADE
  & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204
Tel:  (503) 295-3085
Fax:  (503) 323-9105

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHIRLEY HANCOCK,<br><br>                       Plaintiff,<br><br>vs.<br><br>KOIN-TV, INC.; EMMIS COMMUNICATIONS CORPORATION; and LEE ENTERPRISES, INC.,<br><br>                      Defendants. | CV No. 3-02-01228-KI<br><br>STIPULATED PROTECTIVE ORDER |

Upon stipulation of defendants KOIN-TV, Inc., Emmis Communications Corporation and Lee Enterprises, Inc., and plaintiff Shirley Hancock, as indicated by their counsels' signature below, for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1. All documents produced or exchanged in this action shall be used solely for the preparation and trial of this action, including any appeals and retrials, and may not

Page 1 -  STIPULATED PROTECTIVE ORDER

be used for any other purpose, including business, governmental and commercial, or any other administrative or judicial proceeding or action.

2. As used in this Stipulated Protective Order, the term "document" means all written, recorded or graphic material of any kind, including photographs, diagrams, sketches and drawings, as well as videotapes and audiotapes, however produced and in whatever form or medium, whether produced or created by a party or other person or entity.

3. The producing parties may, at their option, mark documents as "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO A PROTECTIVE ORDER" in order to identify those documents that are protected by the Stipulated Protective Order. However, the designation by any party of information or documents as confidential, or failure to so designate, will not be considered nor constitute an admission or declaration that information or documents are or are not confidential. Neither party will introduce or attempt to introduce into evidence at any trial or proceeding between the parties, the fact that the other party designated or failed to designate any information or documents as confidential.

4. The parties' attorneys will inform each person to whom confidential information or materials are disclosed that such person is strictly forbidden by Order of this Court to disclose such information or materials under any circumstances. If any documents, or information contained in those documents, covered by this Stipulated Protective Order are used at deposition or in any other proceeding in this case, they shall be handled as confidential and maintained under seal from public view.

5. Such materials and information shall not be used or disclosed by the parties or their attorneys, except as necessary for the prosecution or defense of claims or counterclaims in this action, and in no event shall they be disclosed to any person who is neither a party, the spouse of a party, nor a potential witness to this action nor employed or consulted by a party's attorneys to assist those attorneys in the preparation of this case.

**Page 2 -   STIPULATED PROTECTIVE ORDER**

6.      In the event that any party uses these materials or any information contained in these materials in connection with any pretrial motion or at trial, such materials and information will not be made part of the public record, and the Court shall not permit disclosure of any such materials, contents or any portion thereof except as provided herein. Subject to the provisions of this Stipulated Protective Order, attorneys who represent a party in this case may disclose such materials and information or the contents thereof to secretaries, clerks, and legal assistants as necessary to assist those attorneys.

7.      Each producing party agrees that documents will be stamped "CONFIDENTIAL" only when that party has good cause to believe that the document contains a trade secret, proprietary information or other confidential research, development, or commercial information not to be disclosed or to be disclosed only in a designated way; contains personal or private information from personnel records of non-party employees; or that the document is otherwise entitled to protection under Fed.R.Civ.P. 26(c). If a party challenges the confidential designation of any document or testimony, the challenging party shall notify all of the other parties in writing. The party or nonparty claiming confidentiality shall have (a) the burden of presenting to the court, within 14 days of notice of the challenge, a motion to permit the information to be treated as confidential in accordance with the terms of this Order, and (b) the burden of establishing the need and appropriateness for the information to be treated as confidential. Documents or testimony designated as confidential, whose confidentiality is disputed, shall be treated as confidential until the court issues a ruling permitting such disclosure, or the party or nonparty claiming confidentiality withdraws that claim in writing.

8.      Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial any materials protected by this Stipulated

**Page 3 - STIPULATED PROTECTIVE ORDER**

Protective Order, but any such materials shall only be used, and their confidentiality protected, as determined and directed by the trial Court.

9. Upon final determination of this action, including all appeals, the producing parties shall request the return of all documents protected under this Stipulated Protective Order and will collect said materials from the receiving parties and all copies which have been made. The receiving parties' attorneys shall compile all such documents and promptly make them available for the producing parties to collect upon request, and in any event such documents must be returned to the producing parties within thirty (30) days of the entry of a final judgment.

10. This Stipulated Protective Order shall not prevent the disclosure of documents to the persons who were the authors or addressees of the documents or are shown as having received copies of them.

11. Nothing in this Stipulated Protective Order shall limit any party in the use of its own documents or from disclosing its own documents and information.

12 The restrictions and obligations relating to documents or testimony designated as confidential in accordance with this Stipulated Protective Order shall not apply to any document or information that was: (1) publicly known at the time it was produced to the receiving party or has since become publicly known through no fault of the receiving party; (2) already possessed by the receiving party without obligation of confidentiality; or (3) rightfully received by the receiving party without obligation of confidentiality.

13. Nothing in this order shall prevent any party or non-party to this action from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

**Page 4 - STIPULATED PROTECTIVE ORDER**

14. This Court shall maintain its copies of the materials protected under this Stipulated Protective Order under seal and shall not permit them to be inspected by the public.

IT IS SO STIPULATED this 6TH day of January, 2003.

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.

By: _____
Lynn R. Nakamoto, OSB#88087
William N. Mehlhaf, OSB#75255

Attorneys for Plaintiff

FISHER & PHILLIPS LLP

By: _____
Corbett Gordon, OSB#82009

Attorneys for Defendant Lee Enterprises, Inc.

BARRAN LIEBMAN, LLP

By: _____
Robert L. Carey, OSB#87186
Brenda K. Baumgart, OSB#99216

Attorneys for Defendants KOIN-TV, Inc. and Emmis Communications Corporation

HANCKO\45313

IT IS SO ORDERED.

Dated: January 7, 2003.

_____
Garr M. King
United States District Court Judge

Page 5 - STIPULATED PROTECTIVE ORDER

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that I have made service of the foregoing **STIPULATED PROTECTIVE ORDER** on the parties listed below in the manner indicated:

Robert L. Carey  
Barran Liebman, LLP  
601 SW 2nd Avenue, Suite 2300  
Portland, OR 97204  
  Fax No. (503) 274-1212

☒ U.S. Mail  
☒ Facsimile  
☐ Hand Delivery  
☐ Overnight Courier  
☐ Email

Corbett Gordon  
Fisher & Phillips LLP  
1001 SW Fifth Avenue, #1600  
Portland, OR 97204  
  Fax No. (503) 242-4263

DATED this 6th day of January, 2003.

_____  
Lynn R. Nakamoto  
OSB #88087  
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**