IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHIRLEY HANCOCK, )
)
                Plaintiff, )
) Civil No. 02-1228-KI
    v. )
) OPINION AND ORDER
KOIN TV, INC., Emmis Communications )
Corporation, Lee Enterprises, Inc., )
)
                Defendants. )
_____ )

    Lynn Reiko Nakamoto
    Markowitz Herbold Glade & Mehlhaf, P.C.
    1211 S. W. 5th Avenue, Suite 3000
    Portland, Oregon  97204

            Attorney for Plaintiff

    Robert Lane Carey
    Barran Liebman LLP
    601 S. W. 2nd Avenue, Suite 2300
    Portland, Oregon  97204

    Corbett Gordon
    Fisher & Philips LLP
    1001 S. W. Fifth Avenue, Suite 1600
    Portland, Oregon  97204

            Attorneys for Defendants

PAGE 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Shirley Hancock brings a claim for age and sex discrimination against KOIN-TV, Emmis Communications Corporation and Lee Enterprises. Plaintiff alleges violations of Oregon law and the federal Equal Pay Act. Before the court is defendant Lee Enterprises' motion (# 14) to dismiss plaintiff's first, second and third claims for relief. For following reasons, I grant defendant's motion.

## FACTUAL BACKGROUND

Plaintiff makes the following allegations in her amended complaint:

Plaintiff was a television anchorwoman and reporter with the television station KOIN-TV in Portland. She worked for KOIN-TV for approximately 18 years, until June 14, 2001, when she was told that her contract would not be renewed.

During most of the period of plaintiff's employment, KOIN-TV was owned by Lee Enterprises ("Lee"). On or about October 1, 2000, defendant Emmis Communications Corporation ("Emmis") purchased KOIN-TV from Lee. Emmis was plaintiff's employer from the point of the purchase of KOIN-TV to the point at which plaintiff left the television station.

In March 2001, KOIN-TV and Emmis laid off approximately 20 employees. Almost all all of these employees were 40 years of age or older. In June 2001, KOIN-TV and Emmis laid off a meteorologist and a news director. They also reassigned anchorman Mike Donahue to a field anchor and senior reporter position. On June 14, 2001, Hancock was told that her contract would not be renewed. Hancock, Donahue and the assistant news anchor were each over 40 years old. KOIN-TV and Emmis retained all of its male news anchors.

Prior to her termination plaintiff had complained several times to the station general manager (who remained working for KOIN after it was sold to Emmis) that she was receiving a salary considerably less than that of male co-anchors and in relation to other primary anchors in the Portland area. Plaintiff had also previously complained to the station manager about working conditions including: derogatory comments by management and others about women and homosexuals; bullying of females by an on-air male worker; bullying and shouting obscenities by the then news director suggesting that he was trying to get rid of plaintiff and Donahue; male

PAGE 2 - OPINION AND ORDER

workers routinely talking about women's body parts; and the then news director's directive that the news team should "whore up the news."

Plaintiff was told that the then news director would not be going anywhere, and that she was too sensitive. No further investigation was conducted nor any action taken to correct what she perceived to be poor working conditions.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. The court, however, may consider whether conclusory allegations follow from the description of facts alleged. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

## DISCUSSION

I.  Defendant's Motion to Dismiss Plaintiff's First and Second Claims for Relief

Plaintiff's first and second claims allege age and sex discrimination in violation of ORS 659A.030. Defendant argues that plaintiff's first and second claims are barred by the statute of limitations. The statute of limitations applicable to plaintiff's claims requires that all actions be commenced within one year after the occurrence of the unlawful employment practice. ORS 659A.875. Lee sold KOIN to Emmis on or about October 1, 2000. Defendant argues that any claims against it must have been brought within one year of that date, at the very latest. Plaintiff's complaint was filed on June 14, 2002. Because plaintiff alleges no claims against defendant Lee on or after June 14, 2001, defendant argues that plaintiff's first and second claims against Lee are barred.

Plaintiff argues that her claims are not barred against defendant Lee because of the "continuing violation doctrine." Under that doctrine, "a systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period," as long as the most recent event occurs within the limitations period. Sosa v.

PAGE 3 - OPINION AND ORDER

1  Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990); Draper v. Coeur Rochester, Inc., 147 F.3d
2  1104, 1108 (9th Cir. 1998). A continuing violation does not have to be based on a widespread
3  policy, but can also be proven by demonstrating a series of related acts against a single person.
4  Sosa, 920 F.2d at 1455. Oregon courts also have borrowed the concept of the continuing
5  violation doctrine as found in federal case law. See Dobie v. Liberty Homes, Inc., 53 Or. App.
6  366, 369, 632 P.2d 449 (1981).

7  The continuing violation doctrine is routinely applied in discrimination cases. Defendant
8  correctly points out, however, that most of the reported cases applying the doctrine deal with a
9  single employer. Plaintiff relies on *one* case in her brief, Wilson v. Wal-Mart Stores, 158 N.J.
10  263, 729 A.2d 1006 (1999), to support the proposition that the doctrine should be applied in
11  this situation, where a claim against a predecessor employer would otherwise be barred by the
12  statute of limitations.

13  The facts of Wilson are very similar to the case at bar. The plaintiff worked for K-Mart,
14  which then sold its assets to Wal-Mart. Plaintiff was discharged by Wal-Mart, and brought a
15  claim for sexual harassment against both K-Mart and Wal-Mart. K-Mart moved to dismiss the
16  claim against it, arguing that any claim for sexual harassment against K-Mart must have been
17  brought within two years (the applicable statute of limitations under New Jersey law) of the date
18  K-Mart was sold to Wal-Mart. The New Jersey Supreme Court held that the plaintiff's
19  complaint was timely if it had been filed within two years of the last act of continuous harassment.
20  Wilson, 158 N.J. at 274, 729 A.2d at 1011. The court remanded the case to allow plaintiff to
21  show that her supervisor's discriminatory conduct represented a "continuum of harassment" that
22  began prior to the date K-Mart was sold to Wal-Mart, occurred while both she and her
23  supervisor were employed by K-Mart, and continued to the date Wal-Mart terminated plaintiff.
24  Id. at 275, 729 A.2d at 1012.

25  Similarly, plaintiff in this case alleges that the discriminatory acts by KOIN-TV
26  employees spanned the ownerships of both Lee and Emmis, and ended only with the eventual
27  termination by Emmis. Therefore, plaintiff argues, although the complaint was filed more than a
28  year after Lee sold KOIN-TV, the complaint was filed within one year of the statute of

PAGE 4 - OPINION AND ORDER

limitations period after she was fired, and is therefore timely.  Relying on Wilson, plaintiff argues that her claims against Lee are not barred.

I decline to follow the New Jersey Supreme Court's decision in Wilson.  The court applied the "continuing violation" doctrine to a situation that involved a change in ownership, with little support for such an extension of the doctrine.  One of the dissenting justices specifically noted that the cases the majority relied on for the continuing violation theory were cases in which courts extended liability beyond the statute of limitations, but only when there was *one* employer at issue.  Wilson, 158 N.J. at 279, 729 A.2d at 1014.  I agree with the dissent that the majority's decision to extend the doctrine to impose liability on a predecessor employer is a "novel" one.

Moreover, I fail to understand the Wilson majority's reliance on the doctrine of successor liability in finding that untimely claims could be viable against a predecessor employer.  Presumably recognizing the complicated nature of the successive ownerships, in addition to the continuing violation doctrine, the court also discussed the doctrine of "successor liability."  Ordinarily, a successor corporation does not assume the liabilities of its predecessor.  Rego v. ARC Water Treatment Company of PA, 181 F.3d 396, 401 (3rd Cir. 1999).  However, application of the successor liability doctrine protects a plaintiff where the offending employer is substituted by another company such that plaintiff is not suddenly left without recourse.  Rojas v. TK Communications, Inc., 87 F.3d 745, 750 (5th Cir. 1996).  I do not see why the New Jersey Supreme Court applied the doctrine in the Wilson case, nor has plaintiff pleaded any facts that suggest the doctrine is relevant here.  The question before the court is whether the *predecessor*, *not the successor*, can be held liable.  Plaintiff conceded at oral argument that had no discriminatory actions taken place since those alleged during Lee's ownership, plaintiff's claim would be barred by the statute of limitations.  Any wrongful conduct by Emmis, if proven, would be the sole basis for a claim within the statute of limitations.  To find that such conduct by Emmis resurrects plaintiff's claims against Lee would amount to holding a predecessor corporation liable for the acts of its successor.  On the facts contained in plaintiff's pleadings, I am unwilling to do that.

PAGE 5 - OPINION AND ORDER

Other than the Wilson case, plaintiff has not pointed the court to any authority that suggests her theory is the proper resolution of this case. Nor has plaintiff pleaded facts that would otherwise provide a cause of action under ORS 659A.030. I grant defendant Lee's motion to dismiss plaintiff's first and second claims for relief. Plaintiff has leave to re-plead against defendant Lee should plaintiff become aware of facts during discovery that if proven would support a claim against Lee under the same statutory provision.

II.   Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief

Plaintiff's third claim for relief alleges retaliation and wrongful discharge. KOIN was sold to Emmis in October, 2000 and plaintiff was not terminated until June, 2001. Therefore, defendant Lee is not the proper defendant with respect to any claims regarding her termination. Plaintiff concedes that her claims for retaliation and constructive discharge are proper only as against Emmis. Accordingly, plaintiff's third claim for relief is dismissed as against Lee Enterprises.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss (# 14) is granted. Plaintiff's first and second claims for relief are dismissed as against defendant Lee without prejudice. Plaintiff's third claim is dismissed as against defendant Lee with prejudice.

IT IS SO ORDERED.

DATED this ___22nd___ day of January, 2003.

                                           /s/ Garr M. King
                                             GARR M. KING
                                    United States District Court Judge